|   |   |
|---|---|
| 1 | John M. Desmarais (CA SBN 320875) |
| 2 | Peter C. Magic (CA SBN 278917) |
|   | **DESMARAIS LLP** |
| 3 | 101 California Street |
|   | San Francisco, CA 94111 |
| 4 | Telephone: 415-573-1900 |
|   | Facsimile: 415-573-1901 |
| 5 | Email: jdesmarais@desmaraisllp.com |
| 6 | Email: pmagic@desmaraisllp.com |
| 7 | Jennifer M. Przybylski (*pro hac vice*) |
|   | Asim Zaidi (*pro hac vice*) |
| 8 | **DESMARAIS LLP** |
|   | 230 Park Avenue |
| 9 | New York, NY 10169 |
| 10 | Telephone: 212-351-3400 |
|   | Facsimile: 212-351-3401 |
| 11 | Email: jprzybylski@desmaraisllp.com |
|   | Email: azaidi@desmaraisllp.com |
| 12 |   |
| 13 | *Counsel for Defendant Apple Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| ALD SOCIAL LLC | Case No. 3:23-cv-02695-JSC |
|---|---|
| Plaintiff, | **DECLARATION OF JENNIFER M. PRZYBYLSKI IN SUPPORT OF DEFENDANT APPLE'S MOTION FOR ATTORNEYS FEES AND SANCTIONS** |
| v. |   |
| APPLE INC. | Date: November 30, 2023 |
|   | Time: 10:00 a.m. |
| Defendant. | Courtroom: Courtroom 8, 19th Floor |
|   | Judge: Hon. Jacqueline S. Corley |

DECL OF J. PRZYBYLSKI ISO MOTION FOR FEES
Case No. 3:23-cv-02695-JSC

1

I, Jennifer M. Przybylski, declare:

1.  I am an attorney at the law firm Desmarais LLP, counsel for Defendant Apple Inc. ("Apple"), in the above captioned matter. I am admitted *pro hac vice* to practice law in the District Court for the Northern District of California. I submit this declaration based on personal knowledge, and if called upon as a witness, I could competently testify to the truth of each statement herein.

## I. COMMUNICATIONS WITH MR. RAMEY RELATED TO THIS MATTER

2.  On February 17, 2023, I sent a letter to Mr. William Ramey, counsel of record for ALD, via email that informed ALD of flaws in its Original Complaint. *See* Ex. 9. In the letter I requested a response by March 1, 2023, but to date, ALD has not responded to the February 17 letter. On March 9, I attempted to reach Mr. Ramey by email and phone to confer on Apple's February 17 letter and Apple's then-forthcoming motion to transfer, but Mr. Ramey did not respond. *See* Ex. 10. On March 15, my co-counsel Mr. Steven Wingard sent an email to Mr. Ramey requesting to meet and confer regarding Apple's motion to transfer. *See* Ex. 11 at 6-7. On March 15, Mr. Ramey suggested conferring on March 17 at 4:00pm CT. *See id.* at 5. On March 17, Mr. Wingard, Mr. Peter Magic, and I joined the teleconference at the scheduled time, but Mr. Ramey did not join. *See id.* at 4. On March 18, Mr. Wingard asked Mr. Ramey for his availability to confer on March 20. *See id.* After receiving a short response from Mr. Ramey claiming he was distracted by a "major victory" in another matter without offering an alternative date, Mr. Wingard emailed Mr. Ramey again on March 22. *See id.* at 2-3. On March 23, Mr. Ramey suggested conferring that afternoon. *See id.* at 1-2. On March 23 at 3:00pm CT, the parties conferred. Mr. Ramey informed Apple that ALD did not yet have a position on Apple's February 17 letter nor whether ALD would oppose Apple's motion to transfer, though he indicated that he and his clients "usually oppose those." Mr. Ramey stated that ALD would indicate whether it opposed the motion within a week and respond about the letter. To date, ALD has not provided a response to the February 17 letter, any of the issues Apple raised in the emails sent in March 2023, nor any of the issues Apple raised in the March 23 meet and confer.

3.  On August 23, 2023, I sent a letter to Mr. William Ramey and Ms. Susan Kalra, counsel of record for ALD, via email that informed ALD of flaws in its First Amended Complaint. *See* Ex. 12. Mr. Ramey and Ms. Kalra did not respond.

4.  On September 13, 2023, I sent another letter to Mr. William Ramey and Ms. Susan Kalra regarding their failure to respond to my August 23 letter. *See* Ex. 13. On September 13, 2023, concurrent with that letter, I served Mr. Ramey and Ms. Kalra with Apple's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, in accordance with Rule 11(c)(3). Ex. 19-1 at 4.

5.  On September 28, 2023, Mr. Ramey contacted me regarding a proposed stipulation dismissing this matter. Ex. 19-1 at 3-4; Ex. 19-2. Over the next few days, we conferred via e-mail and I informed him that Apple would not waive its ability to seek fees, contrary to his proposed stipulation, and could not agree to a stipulation that failed to dismiss all claims with prejudice. Ex. 19-1 at 1-3. On October 2, 2023, I sent another proposed draft of a stipulation reflecting Apple's position and again stated Apple would not waive its ability to seek fees; Mr. Ramey did not respond to that e-mail. *Id.* at 1. On October 2, 2023, ALD filed a notice of voluntary dismissal of all claims without prejudice. Dkt. 57.

6.  On October 3, 2023, ALD filed an amended notice of voluntary dismissal of all claims, this time with prejudice. Dkt. 59. From October 8 to October 10, 2023, Apple's counsel and Mr. Ramey conferred by email regarding an extension to Apple's motion for fees. Ex. 16; *also* Dkt. 60. ALD refused to agree to an extension. *Id*. I asked Mr. Ramey to file ALD's opposition by October 12, as a courtesy given the time-sensitive extension requested. Ex. 16 at 1. ALD did not file its opposition on that date.

7.  On October 14 I sent ALD's counsel a request to confer regarding Apple's motion for fees and sanctions, as required by Local Rule 54-5. On October 15, 2023, I followed up by email to identify the grounds for our motion for fees and sanctions—35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's Inherent Power—as well as our intent to join the entity that controls ALD, and the amount of fees sought in advance of our conference. Peter Magic, Asim Zaidi, and I (on behalf of Apple) conferred with William Ramey, Joseph Zito, and Ken Sheets on October 16, 2023.

When Mr. Magic asked Mr. Zito and Mr. Sheets who they represented, they both explained they were with the firm Whitestone Law and did not represent anybody, but were simply present to "help Bill." We discussed the grounds for motion, the amount sought, and whether ALD requested the sealing of information regarding the entity that controls ALD, or would permit Apple to file the information publicly. The parties were unable to reach a resolution regarding the grounds for the motion and the fees sought. During the same conference, Mr. Magic asked whether ALD planned to file an opposition to Apple's motion for extension, given the opposition would be due later that day, October 16. Mr. Ramey stated that ALD likely would not file an opposition but that he would check with ALD and let Apple know. Mr. Magic requested that, if ALD was no longer opposing (contrary to its position from before Apple moved for an extension (*see* Ex. 16)), Mr. Ramey let Apple know as soon as possible and file a notice of non-opposition, given the time-sensitive nature of the extension motion. By the following morning, ALD had not filed either an opposition or notice of non-opposition.

**II.     MY WORK ON THIS LITIGATION**

8.     Below, I summarize on a monthly basis the work I performed on this case and the percentage of my time that I spent working on this case each month. This summary is based on my review of filings in this case, email, calendar events, and my own recollection.

| Month | % Of My Month Spent on ALD Case | My Work On The ALD Case |
|---|---|---|
| October 2022 | 25% | Assessment of the case merits and allegations<br>- Investigated arguments under 35 U.S.C. § 101<br>- Investigated non-infringement, including evaluation of ALD's claim charts attached to the Original Complaint and documents cited thereto<br>- Investigated enforceability of the Asserted Patents related to the terminal disclaimer filed during the prosecution of each patent<br>Preparation and filing of motion to dismiss (Dkt. 13, ultimately withdrawn from docket based on an extension the court granted)<br>- Researched case law related to the motion to dismiss and reviewed research from Mr. Zaidi |

| Month | % Of My Month Spent on ALD Case | My Work On The ALD Case |
|---|---|---|
| | | - Reviewed and edited sections of motion to dismiss prepared by Mr. Zaidi<br>- Drafted and edited sections of motion to dismiss<br>- Reviewed and applied feedback from Mr. Magic for motion to dismiss<br>- Coordinated with paralegal team and local counsel for filing of motion to dismiss<br>Case Filings<br>- Coordinated filing of *pro hac vice* applications, preliminary filings (*e.g.*, R. 7.1 statement), and extension filings with local counsel and paralegal team<br>- Reviewed and summarized local rules and chambers rules for team |
| November 2022 | 7% | Assessment of the case merits and allegations<br>- Reviewed and edited drafts of Section 101 motion prepared by Mr. Zaidi<br>- Continued investigation of non-infringement defenses, including<br>  o Preparation for and leading a witness interview with an Apple software engineer<br>  o Preparation for and attending a witness interview with an Apple project manager (led by Mr. Magic)<br>Preparation and filing of Apple's First Motion to Dismiss (Dkt. 21)<br>- Reviewed additional research by Mr. Zaidi<br>- Updated motion to dismiss draft<br>- Reviewed and applied feedback from Mr. Magic for motion to dismiss<br>- Coordinated with paralegal team and local counsel for filing of motion to dismiss |
| December 2022 | 25% | Continued investigation of non-infringement defenses, including<br>- Preparation for and leading a witness interview with an Apple marketing employee<br>- Preparation for and leading a witness interview with an Apple software engineer<br>Preparation of Motion to Transfer<br>- Aiding initial outlining of motion to transfer<br>- Reviewed *Verkada* motion to transfer<br>- Reviewing initial research and providing feedback on drafting with Mr. Zaidi<br>Preparation and filing of Apple's Reply in support of its First Motion to Dismiss (Dkt. 24)<br>- Reviewed research from Mr. Zaidi |

| Month | % Of My Month Spent on ALD Case | My Work On The ALD Case |
|---|---|---|
| | | - Reviewed and edited sections of reply prepared by Mr. Zaidi<br>- Drafted and edited sections of reply<br>- Reviewed and applied feedback from Mr. Magic<br>- Coordinated with paralegal team and local counsel for filing of reply |
| January 2023 | 27% | Motion to Transfer<br>- Reviewed *Verkada* stipulated transfer<br>- Preparation for and leading a witness interview with an Apple IP transactions employee in support of motion to transfer<br>- Collected and reviewed documents related to availability of accused product in Texas<br>- Worked with Mr. Zaidi on drafting motion to transfer and preparing declarations and discovery support |
| February 2023 | 10% | February 17, 2023 Letter to ALD regarding flaws in allegations<br>- Reviewed legal research from Mr. Zaidi<br>- Drafted letter<br>- Reviewed and applied feedback from Mr. Magic<br>- Finalized and sent letter to ALD's counsel<br>Motion to Transfer<br>- Followed up with Apple witnesses regarding declarations in support of motion to transfer<br>- Collected discovery and exhibits in support of motion to transfer<br>- Updated draft of motion to transfer as declarations<br>Initial Discussions with IPR counsel (another law firm, Haynes & Boone, handled the IPRs for Apple; this was a single meeting, less than 1 hour) |
| March 2023 | 10% | Motion to Transfer<br>- Drafted and sent correspondence with ALD regarding my Feb. letter and motion to transfer<br>- Coordinated follow-up correspondence with local counsel<br>- Prepared for and lead two meet and confers regarding the transfer (Mr. Ramey did not appear for the first scheduled meet and confer)<br>- Reviewed additional research and edits from Mr. Zaidi on motion to transfer; added additional edits<br>- Incorporated feedback from Mr. Magic and finalized motion to transfer<br>- Coordinated with paralegal team and local counsel for finalization of exhibits and declarations in support of motion to transfer and ultimate filing motion |

| Month | % Of My Month Spent on ALD Case | My Work On The ALD Case |
|---|---|---|
| | | - Prepared notice of non-opposition following ALD's failure to respond to the motion to transfer and coordinated filing |
| April 2023 | 0% | Did not work on the ALD case this month |
| May 2023 | 0% | Did not work on the ALD case this month |
| June 2023 | 5% | Transfer to NDCA<br>- Collected and summarized NDCA local and chambers rules<br>- Coordinated filings of *pro hac vice* applications and notices of appearance<br>- Prepared and filed Apple's Notice of Pendency of Other Actions<br>Motion to Dismiss Hearing<br>- Began preparing for oral argument on Apple's motion to dismiss |
| July 2023 | 15% | Motion to Dismiss Hearing<br>- Prepared for oral argument on Apple's motion to dismiss<br>- Worked with Mr. Magic and client on argument for motion to dismiss<br>- Attended and argued July 13, 2023 hearing<br>Court's Order Dismissing ALD's Original Complaint<br>- Reviewed Court's order dismissing ALD's original complaint |
| August 2023 | 20% | Second Motion to Dismiss<br>- Reviewed and provided feedback on Apple's Second Motion to Dismiss (Dkt. 53)<br>- Coordinated filing of Second Motion to Dismiss with paralegal team<br>Motion for Sanctions<br>- Discussed plan for motion for sanctions with Mr. Magic and client<br>- Prepared August 23, 2023 letter and incorporated feedback from Mr. Magic before sending to ALD<br>- Reviewed research from Mr. Zaidi regarding Apple's motion for sanctions<br>- Researched case law in support of Apple's motion for sanctions<br>- Drafted motion for sanctions<br>Coordinated IPR filings with IPR counsel<br>- Reviewed two drafts and provided feedback via email (no more than 2 hours) |
| September 2023 | 25% | Motion for Sanctions<br>- Reviewed and incorporated additional research from Mr. Zaidi supporting the motion for sanctions |

| Month | % Of My Month Spent on ALD Case | My Work On The ALD Case |
|---|---|---|
| | | - Edited motion and incorporated feedback from Mr. Magic for motion for sanctions<br>- Coordinated with paralegal team to finalize motion for sanctions and served the motion on ALD's counsel<br>Second Motion to Dismiss<br>- Reviewed reply in support of Second Motion to Dismiss<br>- Coordinated filing with paralegal team |

9. Throughout the case I also provided updates to the client, lead client calls, monitored dockets and deadlines, and monitored the related cases.

10. In addition to the work I performed on this case that I outline above, I also oversaw certain work performed by Asim Zidi. I have reviewed ¶ 2 of Mr. Zaidi's declaration, which is consistent with my recollection of the work he performed over the course of this case. I worked with Mr. Magic to prepare Exhibit F to reflect the work performed on this matter based on my, Mr. Magic, and Mr. Zaidi's declarations.

## III.   EXHIBITS

11. Attached as **Exhibit 1** are true and accurate copies of cases cited in the accompanying brief for which there are no corresponding WestLaw citations available:

    a. **Exhibit 1-1** is *ALD Social LLC v. T-Mobile US, Inc.*, No. 6:22-cv-00973-FB, Dkt. 18 (W.D. Tex. Sep. 30, 2023).

    b. **Exhibit 1-2** is *ALD Social LLC v. Verizon Communications Inc.*, No. 6:22-cv-01011-FB, Dkt. 18 (W.D. Tex. Sep. 30, 2023).

    c. **Exhibit 1-3** is *Traxcell Techs. V. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP (lead case), Dkt. 535 (E.D. Tex. Nov. 10, 2022).

    d. **Exhibit 1-4** is *Traxcell Techs. V. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP (lead case), Dkt. 505 (E.D. Tex. June 15, 2020).

    e. **Exhibit 1-5** is *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 1:18-cv-05880, Dkt. 167 (S.D.N.Y. Nov. 12, 2019).

    f. **Exhibit 1-6** is *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-42-RWS-RSP (lead case), Dkt. 162 (E.D. Tex. Mar. 5, 2018).

    g. **Exhibit 1-7** is *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-42-RWS-RSP (lead case), Dkt. 154 (E.D. Tex. Feb. 20, 2018).

    h. **Exhibit 1-8** is *Traxcell Techs. V. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP (lead case), Dkt. 548 (E.D. Tex. Jan. 19, 2023).

    i. **Exhibit 1-9** is *Traxcell Techs. V. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP (lead case), Dkt. 573 (E.D. Tex. Sept. 26, 2023).

12. Attached as **Exhibit 2** is a true and accurate copy of results I obtained through a search on the platform DocketNavigator.com on October 15, 2023, for "Cases" with the queries "Firm: Ramey LLP," "Cases: Cases Representing Patentee," "Courts: U.S. District Courts," and "Case Filing Date: On or After October 1, 2020." Due to the size of the results, the documents are broken down as follows:

    j. **Exhibit 2-1** provides results for October 1, 2020 to December 31, 2021.

    k. **Exhibit 2-2** provides results for January 1, 2022 to September 30, 2022.

    l. **Exhibit 2-3** provides results for October 1, 2022 to October 15, 2023.

13. Attached as **Exhibit 3** is a true and accurate copy of results I obtained through a search on the platform DocketNavigator.com on October 15, 2023, for "Determinations" with the queries "Firm: Ramey LLP" and "Determination Date: On or After January 1, 2018."

14. Attached as **Exhibit 4** is a true and accurate copy of the Entity Details for ALD Social LLC, obtained from the Delaware.gov "Department of State: Division of Corporations" portal on August 23, 2023.

15. Attached as **Exhibit 5** is a true and accurate copy of the Patent Assignment Agreement conveying U.S. Patent Nos. 9,198,054 and 9,402,158 to ALD Social LLC on July 29, 2022 as obtained from the U.S. Patent and Trademark Office's Patent Center.

16. Attached as **Exhibit 6** is a true and accurate copy of an email dated June 2, 2023 from William Ramey to Apple in-house attorneys.

17. Attached as **Exhibit 7** are true and accurate copies of the dockets in the related cases to this matter as follows, current as of October 15, 2023:

  m. **Exhibit 7-1** is *ALD Social, LLC v. Alert Media, Inc.*, No. 6:22-cv-00959-FB (W.D. Tex.).

  n. **Exhibit 7-2** is *ALD Social, LLC v. AT&T, Inc.*, No. 6:22-cv-00970-FB (W.D. Tex.).

  o. **Exhibit 7-3** is *ALD Social, LLC v. Google LLC*, No. 6:22-cv-00972-FB (W.D. Tex.).

  p. **Exhibit 7-4** is *ALD Social, LLC v. T-Mobile US, Inc.*, No. 6:22-cv-00973-FB (W.D. Tex.).

  q. **Exhibit 7-5** is *ALD Social, LLC v. Verizon Communications, Inc.*, No. 6:22-cv-01011-FB (W.D. Tex.).

  r. **Exhibit 7-6** is *ALD Social, LLC v. Verkada, Inc.*, No. 6:22-cv-00975-FB (W.D. Tex.).

  s. **Exhibit 7-7** is *ALD Social, LLC v. Verkada, Inc.*, No. 3:22-cv-00049-JSC (N.D. Cal.).

18. Attached as **Exhibit 8** is a true and accurate copy of results I obtained through a search on the platform DocketNavigator.com on October 15, 2023, for "Remedies" with the queries "Firm: Ramey LLP," "Determination Date: On or After January 1, 2018," and "Remedies Against: Remedies Against Clients."

19. Attached as **Exhibit 9** is a true and accurate copy of a letter dated February 17, 2023 from me to William Ramey.

20. Attached as **Exhibit 10** is a true and accurate copy of an email dated March 9, 2023 from me to William Ramey.

21. Attached as **Exhibit 11** is a true and accurate copy of an email chain from March 15, 2023 through March 23, 2023 between counsel for Apple, Steven Wingard, and Mr. William Ramey.

22. Attached as **Exhibit 12** is a true and accurate copy of a letter dated August 23, 2023 from me to William Ramey and Susan Kalra.

23. Attached as **Exhibit 13** is a true and accurate copy of a letter dated September 13, 2023, from me to Mr. William Ramey and Ms. Susan Kalra.

24. Attached as **Exhibit 14** is a true and accurate copy of the Motion to Dismiss transcript of proceedings before the Hon. Jacqueline S. Corley on July 13, 2023.

25. Attached as **Exhibit 15** is a true and accurate copy of the "ENExposureConfiguration" document available at https://developer.apple.com/documentation/exposurenotification/enexposureconfiguration.

26. Attached as **Exhibit 16** is a true and accurate copy of emails from October 8, 2023 through October 10, 2023 between counsel for Apple; counsel for ALD; and certain additional individuals cc'ed by Mr. Ramey. Because certain emails branched from the main thread, they are attached as two sets:

   a. **Exhibit 16-1** includes my Oct. 8, 8:30 PM email; Mr. Ramey's Oct. 8, 10 PM email; my Oct. 8 11:40 PM email; my Oct. 9, 7:15 PM email; Mr. Ramey's Oct. 10, 6:52 AM email; and my Oct. 10, 7:10 PM email.

   b. **Exhibit 16-2** includes my Oct. 8, 8:30 PM email; Mr. Ramey's Oct. 8, 10 PM email; my Oct. 8 11:40 PM email; my Oct. 9, 7:15 PM email; Mr. Ramey's **Oct. 9, 8:25 PM email**; and my **Oct. 9, 10:29 PM email** (additional emails not appearing in Ex. 16-1 are bolded).

27. Attached as **Exhibit 17** is a true and accurate copy of the AiPi Solutions Website, http://aipsolutions.com, last accessed October 13, 2023.

28. Attached as **Exhibit 18** is a true and accurate copy of Defendant VMWare, Inc.'s Motion to Amend the Judgement, filed in *ZT IP, LLC v. VMWare, Inc.*, 3:22-cv-00970, Dkt. 46 (N.D. Tex. Aug. 11, 2023).

29. Attached as **Exhibit 19** is a true and accurate copy of emails from September 28, 2023 through October 2, 2023 between counsel for Apple and counsel for ALD. Because certain emails branched from the main thread, they are attached as two sets:

    a. **Exhibit 19-1** includes all correspondence between me and Mr. Ramey regarding a proposed stipulation of dismissal.

    b. **Exhibit 19-2** includes an email dated September 28, 2023 from Mr. Wesley Bias of Ramey LLP attaching a draft Joint Stipulation of Dismissal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2023, in New York, New York.

By: /s/ *Jennifer M. Przybylski*
Jennifer M. Przybylski